UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JAMES CUMMINGS** | **CIVIL ACTION 09-1901** |
| **LA. DOC # 80360** | |
| **VS.** | **SECTION P** |
| | **JUDGE TRIMBLE** |
| **WARDEN N. BURL CAIN** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner, James Cummings, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on November 6, 2009. Petitioner, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, and is incarcerated at the Louisiana State Penitentiary, Angola. Petitioner attacks his March 11, 1999, conviction of armed robbery, aggravated oral sexual battery and first degree robbery. Doc.1, ¶3. He was sentenced in the Fourteenth Judicial District Court, Calcasieu Parish to concurrent sentences of fifty (50) years, twenty (20) years, and twenty (20) years. Doc.1, ¶3.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

On March 11, 1999, petitioner was convicted of armed robbery, aggravated oral sexual battery and first degree robbery. Petitioner appealed his convictions to the Third Circuit Court of Appeal. On June 7, 2000, his convictions and sentences were affirmed by the Third Circuit

Court of Appeal.  *Louisiana v. Cummings*, 99-01926 (La. App. 3 Cir. 6/7/2000), 771 So.2d 324. According to the published jurisprudence, petitioner did not seek further direct review in the Louisiana Supreme Court.

On some unspecified date, petitioner filed a *pro se* application for post-conviction relief in the Fourteenth Judicial District Court. The application was denied on June 27, 2008.  Doc. 1, Att. 2, p. 3.  His subsequent application for writs was denied by the Third Circuit Court of Appeals on November 18, 2008.  Doc. 1, Att. 2, p. 3.  On October 9, 2009, the Louisiana Supreme Court, citing La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La.9/5/95), 660 So.2d 1189, dismissed his writ application as untimely.  *State of Louisiana ex rel. Cummings v. State*, 09-0136 (La. 10/9/2009), 18 So.3d 1281.

In his *habeas corpus* petition, which was filed on November 6, 2009, petitioner claims that prior to his trial the District Attorney's office "exceeded its jurisdiction and constructively amended and broadened count 2 in the body of the Indictment, causing 'fatal variance.'" Doc. 1, Att. 2, pp. 2-3.  Petitioner also argues that the district court and court of appeals erroneously denied post-conviction relief, thus barring his jurisdictional defect claim.

### *Law and Analysis*

*Limitations – 28 U.S.C. §2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d).  *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834 (5th Cir. 1998), citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from ". . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, 472 citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

While petitioner appealed his conviction, adjudication, and sentence to the Third Circuit Court of Appeal, he did not seek further direct review in the Louisiana Supreme Court. Therefore, for AEDPA purposes, petitioner's judgment of conviction and sentence became final by "the expiration of the time for seeking [direct] review" (*id.*), in July 2000 when the 30 day

---

[1] Nothing in the record suggests that state-created impediments delayed the filing of this petition. Nor does the record suggest that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, it does not appear that the factual predicate of petitioner's claims was only recently discovered since, according to petitioner, he is arguing the same claims raised in his application for post-conviction relief. See 28 U.S.C. § 2244(d)(1)(C) and (D).

period for filing an application for writs of *certiorari* in the Louisiana Supreme Court expired.[2] Under 28 U.S.C. §2244(d)(1) petitioner had one year, or until sometime in July 2001 to file his federal *habeas* petition.

Had petitioner filed his application for post-conviction relief prior to the expiration of the AEDPA limitation period, then he could rely on the tolling provisions of §2244(d)(2) which provide, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, given that his application for post-conviction relief was denied by the Fourteenth Judicial District Court on June 27, 2008, it is most likely that the application was filed in 2008 or at the very earliest sometime in 2007. Thus, petitioner was not able to toll limitations during the period that his application for post-conviction relief remained pending in either the Fourteenth Judicial District Court or the Third Circuit Court of Appeal.

Additionally, petitioner's application for post-conviction relief was denied as untimely by the Louisiana Supreme Court.[3] Therefore, it cannot be considered "properly filed" so as to toll the limitations pursuant to §2244(d)(2). See *Pace v. DiGuglielmo*, 544 U.S. 408, 414-18, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (An untimely filed state post-conviction pleading is not "properly filed" so as to toll limitations under the AEDPA.).

---

[2] See Supreme Court Rule X, §5(a) which provides, "An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal[.]"

[3] As noted above, the Supreme Court invoked La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State* in its order denying writs. Art. 930.8 provides a 2-year limitations period for filing applications for post-conviction relief; the two-year period is generally reckoned from the date of finality of judgment. In *Glover*, the Supreme Court held that an appellate court is not precluded from denying relief on basis of art. 930.8 even though the lower court addressed the merits of the case. *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d at 1201-02.

In short, the available evidence establishes that the instant petition for *habeas corpus* is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

*Equitable Tolling*

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts "must examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), nor lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary nor rare and exceptional. "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th

Cir.2000); *Coleman*, 184 F.3d at 403 (1999).  Here, petitioner allowed several years to elapse from the time that his conviction was final to the date he filed this federal petition.

ACCORDINGLY,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of either statutory or equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.[4]  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final

---

[4] In the event petitioner objects, he should provide the date he filed his applications for post-conviction relief in the District Court, with the Third Circuit, with the Louisiana Supreme Court, and any other information which would support either statutory or equitable tolling of the limitations period.

order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copt of the memorandum shall e provided to the District Judge at the time of filing.

      In Chambers, Lake Charles, Louisiana, this 31st day of August, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE